FERGUSON v. FITZE.    (No. 6735.)

(Court of Civil Appeals of Texas. Galveston. Dec. 22, 1914. Rehearing Denied Jan. 28, 1915.)

1. INSANE PERSONS ⬤⟹73—CONTRACTS—VALIDITY.

A contract of an insane person is not void, but voidable at his election.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. §§ 125, 132–138, 153; Dec. Dig. ⬤⟹73.]

2. INSANE PERSONS ⬤⟹74 — CONTRACTS FOR NECESSARIES—VALIDITY.

An attorney employed by an insane person, charged with crime, to defend him, may recover the reasonable value of the services rendered, but not the contract compensation.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. §§ 126, 127; Dec. Dig. ⬤⟹74.]

3. INSANE PERSONS ⬤⟹77—CONTRACTS—ENFORCEMENT.

An action on a note and mortgage securing it, given by an insane person for services to be performed by the payee, may be defeated by the payment of reasonable compensation for the services.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. § 131; Dec. Dig. ⬤⟹77.]

4. INSANE PERSONS ⬤⟹77—CONTRACTS—ENFORCEMENT.

Where attorneys, obtaining from an insane client a note and mortgage securing it, for services to be performed, rendered no services, they could not recover on the note and mortgage.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. § 131; Dec. Dig. ⬤⟹77.]

5. MORTGAGES ⬤⟹258 — INSANE MAKER — RIGHT OF BONA FIDE PURCHASER.

A purchaser for value before maturity, without notice of a note and mortgage securing it, given by an insane person to the payee, for services to be rendered, may not enforce the note and mortgage, where the payee did not render any service.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 689–691; Dec. Dig. ⬤⟹258.]

Appeal from District Court, Angelina County; L. D. Guinn, Judge.

Action by C. G. Fitze against Mrs. H. C. Ferguson. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

J. D. Fairchild and E. B. Robb, both of Lufkin, for appellant. Wright & Jordan, of Lufkin, for appellee.

McMEANS, J. On August 24, 1910, Mrs. H. C. Ferguson executed and delivered to C. B. Fitze and Uvalde Burns her promissory note for $200, and at the same time, to secure the payment thereof, executed and delivered to the said Fitze and Burns a mortgage on a certain tract of land in Angelina county. Afterwards, and before the maturity of the note, C. G. Fitze purchased said note and mortgage from Fitze and Burns, paying a valuable consideration therefor, and without notice of any infirmity of the maker that would render the note voidable. C. G. Fitze, becoming thus the owner of the note, brought this suit thereon and for foreclosure of the mortgage. After the filing of the suit, it being made to appear to the court that the defendant Mrs. Ferguson was then insane, the court appointed I. D. Fairchild, a practicing attorney, guardian ad litem of Mrs. Ferguson, to represent her interest in the case. The defendant, through her guardian ad litem, answered, pleading, among other defenses, that Mrs. Ferguson was insane at the time she executed and delivered the note and mortgage sued upon. The case was tried before a jury upon special issues, and, upon return of their answers, judgment was rendered upon motion of the plaintiff in his favor, for the amount of the note, and for foreclosure of the mortgage lien upon the land. From this judgment the defendant has appealed.

In response to special issues the jury an-

swered that the plaintiff purchased the note in question before its maturity and paid a valuable consideration therefor. They also found that Mrs. Ferguson, on the date she executed said note and mortgage, was of unsound mind; that is "her mind was in such diseased condition that she was incapable of knowing the effect of her acts and incapable of comprehending the nature of business transactions." These findings are not challenged by the appellee.

Mrs. Ferguson was charged by indictment in the district court of Angelina county with the commission of a felony, and upon a trial, on May 26, 1909, was convicted and sentenced to a two years' term of imprisonment in the penitentiary. Afterwards the judgment was reversed by the Court of Criminal Appeals, and the case against her remanded for a new trial. In the spring of 1911 another trial of her case was had, and she was again convicted and sentenced to the penitentiary, but the trial court granted her a new trial. After this she was in a proper proceeding declared to be a lunatic, and confined in one of the state's institutions for the insane, and the felony charge against her was thereafter dismissed. Between the first and second trials on the felony charge, she employed C. B. Fitze and Uvalde Burns, practicing lawyers, to represent her in the case, and for their services to be performed executed to them the note and mortgage herein sued upon. The evidence is undisputed that Fitze and Burns never, after their employment, performed any of the service for which they were employed. Under these facts, the question presented here is whether the plaintiff, C. G. Fitze, as an innocent purchaser for value, was entitled to recover upon the note and to foreclose the mortgage.

[1] The contract of a person non compos mentis, like that of an infant, is not void, but voidable at the election of the party. Williams v. Sapieha, 94 Tex. 433, 61 S. W. 115, and authorities cited.

[2] Where the contract is for necessaries, and the consideration is performed, or where the contract is for legal services rendered to the party resting under disability, it seems that the reasonable value therefor may be recovered. Searcy v. Hunter, 81 Tex. 647, 17 S. W. 372, 26 Am. St. Rep. 837. And this is especially true if the legal service is rendered to an infant or insane person who is charged with the commission of a crime. Askey v. Williams, 74 Tex. 297, 11 S. W. 1101, 5 L. R. A. 176.

[3] Where an insane person gives a note secured by mortgage to attorneys for a fixed fee to defend him against a felony charge, an action thereon may be defeated by the payment of either the agreed fee or a less amount, if such should be reasonable compensation for the attorneys' services. Askey v. Williams, supra.

[4] It follows from this that if no services were rendered by the attorneys in behalf of the insane client, in pursuance of the employment, the recovery upon the note and mortgage could be defeated by proof of such fact. As before stated, the evidence shows without dispute that no services were performed by Fitze and Burns for Mrs. Ferguson under their contract of employment; and it necessarily follows that, had this suit been brought by them, they could not have recovered.

[5] But does this rule apply to C. G. Fitze who was shown to have been an innocent purchaser of the note, for value, before maturity? On the authority of Williams v. Sapieha and Searcy v. Hunter, supra, we must answer that it does. In the Sapieha Case, Mason, a person non compos mentis, gave to Tolson a power of attorney to sell his land, and, acting under this authority, Tolson sold the land to Sapieha, who paid full value for it, not knowing that Mason was insane at the time he executed the power of attorney nor at the time of the execution of the deed by Tolson; and it was held that the power of attorney and the deed could be disaffirmed by Mason against Sapieha, the purchaser. In Askey v. Williams, the defendant, a minor, employed an attorney to defend him against a criminal charge, and to secure the fee gave a note with a deed of trust upon land, containing a power of sale. The debt being unpaid, the trustee sold the land to pay the note, and in a suit for the land the validity of the sale was in issue. It was held that the deed of trust which contained the power of sale was voidable; that the sale made by the trustee under the power was subject to be avoided by the minor just as if the deed had been executed by the minor in person. If, then, a power of attorney, or a power of sale given in a deed of trust by an infant or a lunatic, may be avoided on the ground of such disability, and a deed made under such power to a third person, who buys without notice of the disability, may be disaffirmed and avoided, we see no reason, under the facts of this case, why Mrs. Ferguson cannot disaffirm and avoid the note and mortgage given by her to Fitze and Burns, and conveyed by them to C. G. Fitze; and as it was shown that the consideration for which the note was given was never performed, and that therefore Fitze and Burns, had they not sold the note, would not have been entitled to recover thereon or even upon quantum meruit, it is not perceived that C. G. Fitze, because he in good faith acquired the ownership of the note and mortgage, occupies a more advantageous position 'or acquired greater rights than his vendors possessed. In 22 Cyc. 1211, it is stated that:

"The right of a person or his guardian, personal representative, or heir to avoid a contract entered into when he was insane cannot be defeated by the fact that a third person has

in good faith and for value acquired an interest under the contract."

We think that, under the facts proved, the court should have entered judgment in favor of the defendant, Mrs. Ferguson, and therefore the judgment of the court below is reversed, and judgment here rendered for the appellant.

Reversed and rendered.