### KNOX v. DREWS et al.

#### No. 9626.

Court of Civil Appeals of Texas. Austin.

April 9, 1947.

Rehearing Denied May 7, 1947.

336.

C. C. Jopling, of La Grange, and Thos. W. Thompson, of Giddings, for appellant.

E. T. Simmang, Jr., of Giddings, for appellee.

McCLENDON, Chief Justice.

Suit by Mrs. Meta Drews, joined by her husband, against John Knox, in his capacity as guardian of the person and estate of Englebert Reuther, n.c.m., the father of Mrs. Drews, to recover $250 paid by Mrs. Drews to E. T. (Ted) Simmang, Jr., April 23, 1945, the day before the father was adjudged non compos mentis, it being asserted by Mrs. Drews that the payment was made for the account of and at the request of her father as attorney's fee for Simmang's representing her father in the lunacy proceeding then pending. From a judgment upon a special issue verdict in favor of Mrs. Drews for the amount sought, the guardian has appealed.

Appellant's brief urges 22 points of error. These we shall not discuss in detail, but will state the controlling facts and give our conclusions thereon, which dispose of the appeal. Appellees have filed no brief or otherwise appeared in this court.

Mrs. Drews was one of nine children. The mother had died some time previously, and Mrs. Drews was administratrix of her estate. The lunacy proceeding had been brought by Ludwig Reuther, one of the nine children, and was being contested by Mrs. Drews, who also sought to be appointed guardian. In this contest and application she had employed Simmang to represent her. She testified, however, she never paid him anything for his services. The order of April 24, 1945, which adjudged the father n.c.m., recited the intervention of Mrs. Drews and another brother, each seeking appointment as guardian; the waiver of other named children; and that "it appearing to the court that said Englebert Reuther was without any guardian of his person or estate and that no one was authorized to represent and answer for the said Englebert Reuther, the court thereupon appointed Ted Simmang, a member of the bar, as guardian ad litem to represent said person of unsound mind, and having filed his answer herein, all parties announced ready for trial," which resulted in a jury verdict and judgment of insanity, and the appointment of Ludwig as guardian; the order reciting "that a fee of $50

is allowed Ted Simmang as guardian ad litem for representing said non compos mentis herein to be taxed as costs in this case, and that the estate of the said Engelbert Reuther is charged with all costs incurred herein." All of the nine children entered into an agreement for division of the personal property of their father and mother, each receiving 1/10 and the father 1/10 which was administered by the guardian. On July 9, 1946, an agreement was entered into by all the nine children, in settlement of all affairs of the two estates. This agreement provided for: (1) closing the administration on the mother's estate and filing final account by Mrs. Drews as administratrix; (2) resignation of Ludwig and appointment of Knox as guardian, and certain allowances for future care and support of the father to Mrs. Drews and another daughter; (3) consolidation of two suits then pending in the district court involving the estates, appointment of Knox as receiver to sell the real estate, subject to the father's homestead rights; setting aside to the father for his support a sum which with that already in the guardian's hands would aggregate $5,000; and dividing the balance equally among the nine children; as well as any balance which might remain of the father's share after his demise. No mention was made either in this agreement or the negotiations regarding it of the $250 attorney's fees; and no one had any knowledge of it except Mrs. Drews and Simmang. Mrs. Drews had previously filed two claims with the guardian, one November 24, 1945, for $309, and the other April 26, 1946, for $104.34, in neither of which was any reference made to the $250 attorney's fees. Both of these claims had been allowed and paid. July 27, 1946, Mrs. Drews filed with the guardian a verified claim, aggregating $305.36, which sum included the $250 attorney's fees. This claim was allowed by the guardian as to all items except the $250, as to which it was rejected. The allowed items were all paid to Mrs. Drews.

The only evidence of any agreement between Mrs. Drews and her father under which she claims to have made payment to Simmang, was the testimony of Mrs. Drews herself. She testified in this regard that her father's funds were tied up in the bank on account of the pending lunacy proceeding, and at his request she paid the money to Simmang. This testimony was objected to as incompetent under R.C.S. Art. 3716, the pertinent portions of which read: "In actions by or against * * * guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by * * * [the] ward, unless called to testify thereto by the opposite party * * *."

We sustain the several points of error urging in effect that the evidence conclusively shows that Mrs. Drews was not entitled to recover, for the following reasons:

■ 1. The evidence conclusively shows that on April 23, 1945, and for several years prior thereto, the father was incompetent mentally to conduct his business affairs. Therefore, any contract he may have made with Mrs. Drews on that date for the purpose alleged by her, was voidable; and the claim based thereon having been disallowed by the guardian as soon as presented to him, the estate is not liable therefor. See 24 Tex.Jur. pp. 380–385, * * * 7–9, and supporting authorities.

■ 2. The testimony of Mrs. Drews regarding the contract with her father on April 23, 1945, was clearly incompetent under Art. 3716, and the court erred in admitting it. Without this testimony there was no evidence in support of the judgment.

■■ 3. The above recitals in the lunacy judgment of April 24, 1945, "that no one was authorized to represent and answer for the said Englebert Reuther," expressly negatived the existence of any previous employment of Simmang in this regard. Both Mrs. Drews and Simmang were parties to this proceeding and bound by these recitals: Mrs. Drews in her contest and application for guardianship, in which she was represented by Simmang; and Simmang under appointment by the court to represent the father, for which he was allowed a fee of $50. If, as claimed by Mrs. Drews and Simmang, she had already paid the latter $250 as attorney's fees for the account of her father, it was the duty of both to disclose that fact to the court

and have it adjusted at the time the court was making provision for counsel for the father in the proceeding. Failure to do so would preclude subsequent assertion of the claim under the principles of waiver and estoppel. Furthermore, Mrs. Drews' subsequent conduct in not including this item in the two claims she filed November 25, 1945, and April 26, 1946, and failure to disclose to anyone that she had such claim until July 27, 1946 (a year and three months after the lunacy judgment, and nearly three weeks after the contract between all the children for final settlement of all the affairs of their mother's and father's estates), and the necessary inferences to be drawn therefrom in connection with the recitals in the lunacy judgment, conclusively negatives Mrs. Drews' right to recover. Comment would but reiterate the obvious.

The trial court's judgment is reversed, and judgment is here rendered for appellant.

Reversed and rendered.