**CIRCLE C CHILD DEVELOPMENT CENTER, INC., Appellant,**

**v.**

**TRAVIS CENTRAL APPRAISAL DISTRICT, Appellee.**

No. 03–97–00787–CV.

Court of Appeals of Texas, Austin.

Nov. 30, 1998.

Laurellen E. Ratliff, Popp & Ikard, Austin, for Appellant.

Judith A. Hargrove, Calame, Linebarger, Graham & Pena, L.L.P., Austin, for Appellee.

Before ABOUSSIE, C.J., and POWERS and KIDD, JJ.

KIDD, Justice.

Appellant Circle C Child Development Center, Inc. ("the Center") appeals the trial court's judgment denying its application for exemption from ad valorem taxes. The sole issue before this Court is whether a "child development center" qualifies as a school for purposes of obtaining tax-exempt status pursuant to section 11.21 of the Texas Tax Code. The trial court concluded that the Center is not used exclusively for educational functions under section 11.21 and rendered judgment in favor of appellee Travis Central Appraisal District. We will affirm.

## BACKGROUND

The Center, a non-profit child development center,[1] was constructed on approximately five acres of land located in the Circle C Ranch subdivision southwest of Austin, Texas, and was opened in 1994. The facility contains twelve classrooms, a large room for classes to gather en masse, and a playground.

Approximately 200 children are enrolled at the Center, participating in either half-day or full-day programs. There is one classroom for infants, two for toddlers, and three each for the two-, three-, and four-year olds. The Center also offers an after-school program for school-age children. The teachers at the Center have both educational backgrounds and experience in teaching young children.

The Center applied for a tax exemption on its property pursuant to section 11.21 of the Texas Tax Code for January 1, 1995 and January 1, 1996. *See* Tex. Tax Code Ann. § 11.21 (West 1992 & Supp.1998).[2] The Travis Central Appraisal District (the "District") denied the Center's applications for both

---

1. The Center receives federal tax-exempt status as a 501(c)(3) corporation. *See* 26 U.S.C. § 501(c)(3) (1998).

2. Subsequent amendments to this statute are not relevant to the issue in this case. Therefore, we cite to the current code for convenience.

years. The Center protested the denial before the Travis County Appraisal Review Board (the "Review Board"), which also denied the Center's applications.

Following the Review Board's denial, the Center filed suit against the District pursuant to Chapter 42 of the Texas Tax Code. *See* Tex. Tax Code Ann. §§ 42.21–42.29 (West 1992 & Supp.1998). The case was tried before the bench, after which the trial court rendered judgment in favor of the District, denying the Center's applications for tax exemption under section 11.21. In its findings of fact and conclusions of law, the trial court concluded that the property is not used *exclusively* for educational functions as required by section 11.21(a)(2), and therefore does not qualify for exemption as a school under that section.

## DISCUSSION

The Center contends that the trial court's findings of fact and conclusions of law are legally and factually insufficient. Specifically, the Center argues that the court's finding of fact sixteen, that the Center is operated as a child care facility, and eighteen, that its property is not used exclusively for educational functions, are not supported by the evidence. In addition, the Center asserts that the court's finding of fact seventeen, that the Center is licensed as a day care center by the Texas Department of Protective and Regulatory Services, is not relevant to the determination of its tax exemption status. Further, the Center challenges the court's conclusions that the use of its property does not meet the requirements of section 11.21(a)(2), and that the property does not qualify as a school for purposes of section 11.21.

 "A trial court's findings are reviewable for legal and factual sufficiency of the evidence by the same standards that are applied in reviewing evidence supporting a jury's answer." *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex.1994) (citing *Southern States Transp., Inc. v. State*, 774 S.W.2d 639, 640 (Tex.1989)). In reviewing the legal sufficiency of the trial court's findings of fact as a matter of law, we must first examine the record for evidence that supports the finding,

while ignoring all evidence to the contrary. *See Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex.1989). If there is no evidence supporting the finding, then we will examine the entire record to determine if the contrary proposition has been established as a matter of law. *See id.*

 In reviewing a factual sufficiency challenge by a party who had the burden of proof, we must determine, in light of the entire record, whether the finding is so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986). The trial court's conclusions of law may not be challenged for factual sufficiency. We review challenges to the trial court's conclusions of law de novo, examining the legal conclusions drawn from the facts to determine their correctness. *See Ashcraft v. Lookadoo*, 952 S.W.2d 907, 910 (Tex.App.—Dallas 1997, pet. denied).

### Statutory Authority

 Section 11.21 of the Texas Tax Code provides in pertinent part:

(a) A person is entitled to an exemption from taxation of the buildings and tangible personal property that he owns and that are used for a school that is qualified as provided by Subsection (d) of this section if:

(1) the school is operated exclusively by the person owning the property;

(2) except as permitted by Subsection (b) of this section, the buildings and tangible personal property are used exclusively for educational functions; and

(3) the buildings and tangible personal property are reasonably necessary for the operation of the school.

(b) Use of exempt tangible personal property for functions other than educational functions does not result in loss of an exemption authorized by this section if those other functions are incidental to use of the property for educational functions and benefit the students or faculty of the school.

Tex. Tax.Code Ann. § 11.21(a), (b). "It is a long-standing rule of construction in Texas that language granting exemption from taxation must be construed strictly." *Bexar Appraisal Dist. v. Incarnate Word College,* 824 S.W.2d 295, 297 (Tex.App.—San Antonio 1992, writ denied). *See also Bullock v. National Bancshares Corp.,* 584 S.W.2d 268, 271–72 (Tex.1979), *cert. denied,* 444 U.S. 1016, 100 S.Ct. 667, 62 L.Ed.2d 645 (1980); *Hilltop Village, Inc. v. Kerrville Indep. Sch. Dist.,* 426 S.W.2d 943, 948 (Tex.1968); *River Oaks Garden Club v. City of Houston,* 370 S.W.2d 851, 855 (Tex.1963).

■ Because tax exemptions are not favored by law and are strictly construed, the party claiming an exemption bears the heavy burden of proof of *clearly showing* that it falls within the statutory exemption. *See North Alamo Water Supply Corp. v. Willacy County Appraisal Dist.,* 804 S.W.2d 894, 899 (Tex.1991). In this case, the Center has the burden of clearly showing that the property at issue is used *exclusively* for educational functions and that the property is reasonably necessary for the operation of the school.

### Exclusive Use

■ The Center contends that its property is used exclusively for educational functions because its primary and inherent use is as a school with age-appropriate education for the children attending its programs. The Center argues that the Texas Department of Protective and Regulatory Services requires the Center to maintain a "day care center" license because of the age of the children that use its facilities, without regard for the educational activities that the Center provides for the children enrolled. Because the license regulates basic safety measures and not educational standards, the Center asserts, it is irrelevant to the determination of the Center's tax-exempt status.

The Center further asserts that the reference to the Center as a child care facility in its 1995 bylaws and articles of incorporation does not defeat its status as a school under section 11.21 because the definition of "child care facility" includes "education" under section 42.002 of the Texas Human Resources Code.[3] Finally, the Center argues that the non-educational uses of its property, including recesses, naps, and snacks, are incidental to its educational functions and therefore do not defeat the otherwise educational nature of the facility.

Mindful of the Center's burden of clearly showing that its property is operated *exclusively* for educational functions, we conclude that the evidence is both legally and factually sufficient to support the trial court's findings. The Center does not dispute that it is licensed as a day care center; it argues only that the license is irrelevant because it does not regulate the Center's educational functions. Neither does the Center dispute that it operates as a child care facility; the Center argues that the definition of child care facility includes education. We conclude, however, that the evidence shows that the Center *primarily* operates as a child care facility and only *secondarily* provides educational functions.

With the exception of those enrolled in the after-school program, the children who participate in the Center's programs are very young. The Center admits that it is required to maintain a day care center license because of the age of the children enrolled in its programs. At certain ages, custodial care is *always* substantial. Considering the substantial care required for the children enrolled at the Center, and following the strict construction of section 11.21, we hold that the Center's property is not operated exclusively for educational functions.

---

**3.** Section 42.002 provides in pertinent part:

 (3) "Child-care facility" means a facility licensed, certified, or registered by the department to provide assessment, care, training, education, custody, treatment, or supervision for a child who is not related by blood, marriage, or adoption to the owner or operator of the facility, for all or part of the 24–hour day, whether or not the

facility is operated for profit or charges for the services it offers.

Tex. Hum. Res.Code Ann. § 42.002 (West Supp. 1998) (Text of subd. 3 as amended by Act 1997, 75th Leg., ch. 1063, § 3). The 1997 amendments to section 42.002 did not substantively change the language at issue in this case. Therefore, we will refer to the current code for convenience.

Even if we were to accept the Center's argument that its educational functions are primary rather than secondary, it still cannot meet the exclusive-use standard. So long as there is a non-educational use that is substantial, the property is not considered a school for purposes of section 11.21. The Center contends that the custodial care it provides to the children enrolled in its programs constitutes incidental use of the property pursuant to section 11.21(b) that does not defeat the section 11.21(a)(2) exclusive-use requirement. *See* Tex. Tax Code Ann. § 11.21(a), (b). The evidence indicates, however, that the custodial care it provides is more than incidental.

The evidence shows that the Center holds itself out as a child care facility by maintaining a license to operate as a day care center and by providing care to very young children. The custodial care of the children is a substantial component of the Center's programs. Its hours of operation, from 7:00 a.m. to 6:15 p.m., are much longer than a normal school. The children who attend the Center during school hours are not of school age; the school-age children attend the Center only after school. While the Center's programs may provide some educational functions, those functions do not outweigh the substantial custodial care provided to the children. Based upon the undisputed evidence in the record, we find that the Center is not used "exclusively for educational functions" as required by section 11.21(a)(2), and that the child care provided by the Center does not satisfy the incidental-use exception of section 11.21(b). *See generally Bexar Appraisal Dist.*, 824 S.W.2d at 297. Accordingly, the Center's sole issue is overruled.

## CONCLUSION

Having concluded that the Center is not used exclusively for educational functions and therefore is not tax exempt under section 11.21 of the Texas Tax Code, we affirm the trial court's judgment.