TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00787-CV






Circle C Child Development Center, Inc., Appellant



v.



Travis Central Appraisal District, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 95-12207, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING






 Appellant Circle C Child Development Center, Inc. ("the Center") appeals the trial
court's judgment denying its application for exemption from ad valorem taxes. The sole issue
before this Court is whether a "child development center" qualifies as a school for purposes of
obtaining tax-exempt status pursuant to section 11.21 of the Texas Tax Code. The trial court
concluded that the Center is not used exclusively for educational functions under section 11.21 and
rendered judgment in favor of appellee Travis Central Appraisal District. We will affirm.


BACKGROUND


 The Center, a non-profit child development center, (1) was constructed on
approximately five acres of land located in the Circle C Ranch subdivision southwest of Austin,
Texas, and was opened in 1994. The facility contains twelve classrooms, a large room for classes
to gather en masse, and a playground.

 Approximately 200 children are enrolled at the Center, participating in either half-day or full-day programs. There is one classroom for infants, two for toddlers, and three each for
the two-, three-, and four-year olds. The Center also offers an after-school program for school-age children. The teachers at the Center have both educational backgrounds and experience in
teaching young children.

 The Center applied for a tax exemption on its property pursuant to section 11.21
of the Texas Tax Code for January 1, 1995 and January 1, 1996. See Tex. Tax Code Ann.
§ 11.21 (West 1992 & Supp. 1998). (2) The Travis Central Appraisal District (the "District") denied
the Center's applications for both years. The Center protested the denial before the Travis County
Appraisal Review Board (the "Review Board"), which also denied the Center's applications.

 Following the Review Board's denial, the Center filed suit against the District
pursuant to Chapter 42 of the Texas Tax Code. See Tex. Tax Code Ann. §§ 42.21-42.29 (West
1992 & Supp. 1998). The case was tried before the bench, after which the trial court rendered
judgment in favor of the District, denying the Center's applications for tax exemption under
section 11.21. In its findings of fact and conclusions of law, the trial court concluded that the
property is not used exclusively for educational functions as required by section 11.21(a)(2), and
therefore does not qualify for exemption as a school under that section.


DISCUSSION


 The Center contends that the trial court's findings of fact and conclusions of law
are legally and factually insufficient. Specifically, the Center argues that the court's finding of
fact sixteen, that the Center is operated as a child care facility, and eighteen, that its property is
not used exclusively for educational functions, are not supported by the evidence. In addition, the
Center asserts that the court's finding of fact seventeen, that the Center is licensed as a day care
center by the Texas Department of Protective and Regulatory Services, is not relevant to the
determination of its tax exemption status. Further, the Center challenges the court's conclusions
that the use of its property does not meet the requirements of section 11.21(a)(2), and that the
property does not qualify as a school for purposes of section 11.21.

 "A trial court's findings are reviewable for legal and factual sufficiency of the
evidence by the same standards that are applied in reviewing evidence supporting a jury's
answer." Catalina v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994) (citing Southern States Transp.,
Inc. v. State, 774 S.W.2d 639, 640 (Tex. 1989)). In reviewing the legal sufficiency of the trial
court's findings of fact as a matter of law, we must first examine the record for evidence that
supports the finding, while ignoring all evidence to the contrary. See Sterner v. Marathon Oil
Co., 767 S.W.2d 686, 690 (Tex. 1989). If there is no evidence supporting the finding, then we
will examine the entire record to determine if the contrary proposition has been established as a
matter of law. See id.

 In reviewing a factual sufficiency challenge by a party who had the burden of proof,
we must determine, in light of the entire record, whether the finding is so contrary to the
overwhelming weight and preponderance of the evidence as to be clearly wrong and manifestly
unjust. See Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986). The trial court's conclusions of law
may not be challenged for factual sufficiency. We review challenges to the trial court's
conclusions of law de novo, examining the legal conclusions drawn from the facts to determine
their correctness. See Ashcraft v. Lookadoo, 952 S.W.2d 907, 910 (Tex. App.--Dallas 1997, pet.
denied).


Statutory Authority


 Section 11.21 of the Texas Tax Code provides in pertinent part:



(a) A person is entitled to an exemption from taxation of the buildings and
tangible personal property that he owns and that are used for a school that is
qualified as provided by Subsection (d) of this section if:


 (1) the school is operated exclusively by the person owning the property;


 (2) except as permitted by Subsection (b) of this section, the buildings and
tangible personal property are used exclusively for educational functions;
and 


 (3) the buildings and tangible personal property are reasonably necessary for
the operation of the school.


(b) Use of exempt tangible personal property for functions other than educational
functions does not result in loss of an exemption authorized by this section if
those other functions are incidental to use of the property for educational
functions and benefit the students or faculty of the school.


Tex. Tax Code Ann. § 11.21(a), (b). "It is a long-standing rule of construction in Texas that
language granting exemption from taxation must be construed strictly." Bexar Appraisal Dist. v.
Incarnate Word College, 824 S.W.2d 295, 297 (Tex. App.--San Antonio 1992, writ denied). See
also Bullock v. National Bancshares Corp., 584 S.W.2d 268, 271-72 (Tex. 1979), cert. denied,
444 U.S. 1016 (1980); Hilltop Village, Inc. v. Kerrville Indep. Sch. Dist., 426 S.W.2d 943, 948
(Tex. 1968); River Oaks Garden Club v. City of Houston, 370 S.W.2d 851, 855 (Tex. 1963).

 Because tax exemptions are not favored by law and are strictly construed, the party
claiming an exemption bears the heavy burden of proof of clearly showing that it falls within the
statutory exemption. See North Alamo Water Supply Corp. v. Willacy County Appraisal Dist., 804
S.W.2d 894, 899 (Tex. 1991). In this case, the Center has the burden of clearly showing that the
property at issue is used exclusively for educational functions and that the property is reasonably
necessary for the operation of the school.


Exclusive Use

 The Center contends that its property is used exclusively for educational functions
because its primary and inherent use is as a school with age-appropriate education for the children
attending its programs. The Center argues that the Texas Department of Protective and
Regulatory Services requires the Center to maintain a "day care center" license because of the age
of the children that use its facilities, without regard for the educational activities that the Center
provides for the children enrolled. Because the license regulates basic safety measures and not
educational standards, the Center asserts, it is irrelevant to the determination of the Center's tax-exempt status.

 The Center further asserts that the reference to the Center as a child care facility
in its 1995 bylaws and articles of incorporation does not defeat its status as a school under section
11.21 because the definition of "child care facility" includes "education" under section 42.002 of
the Texas Human Resources Code. (3) Finally, the Center argues that the non-educational uses of
its property, including recesses, naps, and snacks, are incidental to its educational functions and
therefore do not defeat the otherwise educational nature of the facility.

 Mindful of the Center's burden of clearly showing that its property is operated 
exclusively for educational functions, we conclude that the evidence is both legally and factually
sufficient to support the trial court's findings. The Center does not dispute that it is licensed as
a day care center; it argues only that the license is irrelevant because it does not regulate the
Center's educational functions. Neither does the Center dispute that it operates as a child care
facility; the Center argues that the definition of child care facility includes education. We
conclude, however, that the evidence shows that the Center primarily operates as a child care
facility and only secondarily provides educational functions.

 With the exception of those enrolled in the after-school program, the children who
participate in the Center's programs are very young. The Center admits that it is required to
maintain a day care center license because of the age of the children enrolled in its programs. At
certain ages, custodial care is always substantial. Considering the substantial care required for the
children enrolled at the Center, and following the strict construction of section 11.21, we hold that
the Center's property is not operated exclusively for educational functions.

 Even if we were to accept the Center's argument that its educational functions are
primary rather than secondary, it still cannot meet the exclusive-use standard. So long as there 
is a non-educational use that is substantial, the property is not considered a school for purposes
of section 11.21. The Center contends that the custodial care it provides to the children enrolled
in its programs constitutes incidental use of the property pursuant to section 11.21(b) that does not
defeat the section 11.21(a)(2) exclusive-use requirement. See Tex. Tax Code Ann. § 11.21(a),
(b). The evidence indicates, however, that the custodial care it provides is more than incidental. 
 The evidence shows that the Center holds itself out as a child care facility by
maintaining a license to operate as a day care center and by providing care to very young children. 
The custodial care of the children is a substantial component of the Center's programs. Its hours
of operation, from 7:00 a.m. to 6:15 p.m., are much longer than a normal school. The children
who attend the Center during school hours are not of school age; the school-age children attend
the Center only after school. While the Center's programs may provide some educational
functions, those functions do not outweigh the substantial custodial care provided to the children. 
Based upon the undisputed evidence in the record, we find that the Center is not used "exclusively
for educational functions" as required by section 11.21(a)(2), and that the child care provided by
the Center does not satisfy the incidental-use exception of section 11.21(b). See generally Bexar
Appraisal Dist., 824 S.W.2d at 297. Accordingly, the Center's sole issue is overruled.


CONCLUSION


 Having concluded that the Center is not used exclusively for educational functions
and therefore is not tax exempt under section 11.21 of the Texas Tax Code, we affirm the trial
court's judgment.



 

 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Powers, and Kidd 

Affirmed

Filed: November 30, 1998

Publish

1. The Center receives federal tax-exempt status as a 501(c)(3) corporation. See 26 U.S.C.
§ 501(c)(3) (1998).
2. Subsequent amendments to this statute are not relevant to the issue in this case. Therefore,
we cite to the current code for convenience.
3. Section 42.002 provides in pertinent part:


(3) "Child-care facility" means a facility licensed, certified, or registered by the
department to provide assessment, care, training, education, custody, treatment,
or supervision for a child who is not related by blood, marriage, or adoption to
the owner or operator of the facility, for all or part of the 24-hour day, whether
or not the facility is operated for profit or charges for the services it offers.


Tex. Hum. Res. Code Ann. § 42.002 (West Supp. 1998) (Text of subd. 3 as amended by Act
1997, 75th Leg., ch. 1063, § 3). The 1997 amendments to section 42.002 did not substantively
change the language at issue in this case. Therefore, we will refer to the current code for
convenience.


center; it argues only that the license is irrelevant because it does not regulate the
Center's educational functions. Neither does the Center dispute that it operates as a child care
facility; the Center argues that the definition of child care facility includes education. We
conclude, however, that the evidence shows that the Center primarily operates as a child care
facility and only secondarily provides educational functions.

 With the exception of those enrolled in the after-school program, the children who
participate in the Center's programs are very young. The Center admits that it is required to
maintain a day care center license because of the age of the children enrolled in its programs. At
certain ages, custodial care is always substantial. Considering the substantial care required for the
children enrolled at the Center, and following the strict construction of section 11.21, we hold that
the Center's property is not operated exclusively for educational functions.

 Even if we were to accept the Center's argument that its educational functions are
primary rather than secondary, it still cannot meet the exclusive-use standard. So long as there 
is a non-educational use that is substantial, the property is not considered a school for purposes
of section 11.21. The Center contends that the custodial care it provides to the children enrolled
in its programs constitutes incidental use of the property pursuant to section 11.21(b) that does not
defeat the section 11.21(a)(2) exclusive-use requirement. See Tex. Tax Code Ann. § 11.21(a),
(b). The evidence indicates, however, that the custodial care it provides is more than incidental. 
 The evidence shows that the Center holds itself out as a child care facility by
maintaining a license to operate as a day care center and by providing care to very young children. 
The custodial care of the children is a substantial component of the Center's programs. Its hours
of operation, from 7:00 a.m. to 6:15 p.m., are much longer than a normal school. The children
who attend the Center during school hours are not of school age; the school-age children attend
the Center only after school. While the Center's programs may provide some educational
functions, those functions do not outweigh the substantial custodial care provided to the children. 
Based upon the undisputed evidence in the record, we find that the Center is not used "exclusively
for educational functions" as required by section 11.21(a)(2), and that the child care provided by
the Center does not satisfy the incidental-use exception of section 11.21(b). See generally Bexar
Appraisal Dist., 824 S.W.2d at 297. Accordingly, the Center's sole issue is overruled.


CONCLUSION


 Having concluded that the Center is not used exclusively for educational functions
and therefore is not tax exempt under section 11.21 of the Texas Tax Code, we affirm the trial
court's judgment.



 

 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Powers, and Kidd 

Affirmed

Filed: November 30, 1998

Publish

1. The Center receives federal tax-exempt status as a 501(c)(3) corporation. See 26 U.S.C.
§ 501(c)(3) (1998).
2. Subsequent amendments to this statute are not relevant to the issue in this case. Therefore,
we cite to the current code for convenience.
3. Section 42.002 provides in pertinent part:


(3) "Child-care facility" means a facility licensed, certified, or regist