TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00769-CV






Tim Price, Guardian of Lois Pollard Price, an incapacitated person; and Houston


Trust Company, Trustee of the Lois Pollard Price Irrevocable Management

Trust/Alvin J. Golden and Ikard & Golden, P.C., Appellants


v.



Alvin J. Golden and Ikard & Golden, P.C./Tim Price, Guardian of Lois Pollard Price,


an incapacitated person; and Houston Trust Company, Trustee of the

Lois Pollard Price Irrevocable Management Trust, Appellees






FROM THE PROBATE COURT NO. 1 OF TRAVIS COUNTY


NO. 71,248, HONORABLE GUY S. HERMAN, JUDGE PRESIDING







 Appellants and cross-appellees, Tim Price, guardian of Lois Pollard Price, and
Houston Trust Company, Trustee of the Lois Pollard Price Irrevocable Management Trust
(collectively "Price"), appeal from an order awarding attorney's fees to appellees and cross-appellants Alvin J. Golden and Ikard & Golden, P.C. (collectively "Golden"). We will affirm.

 On or about October 8, 1998, Lois Pollard Price signed a contract arranging for
Golden to provide her with estate-related legal services. On February 12, 1999, Lois's son Tim
Price initiated proceedings seeking to be appointed guardian of Lois and her estate. Lois
answered through an original answer filed by Golden that she was not incapacitated and did not
wish to have a guardian appointed for her. The court appointed Mark Schreiber as her attorney
ad litem on February 22, and he also filed an answer stating she did not wish to have a guardian
appointed for her or to relinquish her decision-making to another person. On April 12, Price filed
a motion seeking to require Golden to show his authority to file any pleadings or appear for Lois. 
See Tex. R. Civ. P. 12. Golden responded that Lois had hired him to represent her in general
estate-related matters and that she had asked him to represent her in opposing Price's guardianship
proceedings. On July 13, pursuant to a settlement agreement, Price dismissed his cause of action
except for his request to be appointed permanent guardian, and Price was appointed guardian of
Lois's person. On June 30, Golden filed an application for attorney's fees, asking for $44,600.85
for services rendered between the first week of October 1998 and June 29, 1999. On July 8, the
trial court held a hearing on Golden's application, and on August 23, it signed an order granting
Golden $42,888.35 for attorney's fees. The trial court filed findings of fact and conclusions of
law regarding the hearing on attorney's fees. Both Price and Golden appealed the trial court's
order on attorney's fees.

 In a single issue on appeal, Price contends that the trial court erred in awarding
Golden any attorney's fees because there was no enforceable contract for legal services or any
statutory authority for awarding attorney's fees. See Swate v. Medina Community Hosp., 966
S.W.2d 693, 701 (Tex. App.--San Antonio 1998, pet. denied) (attorney's fees not recoverable
unless provided for by statute or contract). In three issues, Golden argues that the trial court erred
in concluding that the contract was void and that fees were not recoverable under the theory of
quantum meruit, and in failing to award fees incurred after June 21, 1999.


Findings of fact and conclusions of law

 The trial court made the following relevant findings of fact: Lois was a widow with
five surviving children. On May 1, 1998, Lois established the Lois Pollard Price Irrevocable
Management Trust. She named Price as the Trustee and transferred a substantial amount of her
assets to the trust. On August 25, Lois appointed her son, Patrick Price, as her primary agent
under a durable power of attorney, durable power of attorney for health care, and directive to
physicians. On October 8, Lois entered into a contract engaging Ikard & Golden to represent her
in legal matters, and Patrick, acting as Lois's attorney in fact, paid a $15,000 retainer to the law
firm. At the time the contract was signed, neither Golden nor Price had any reason to believe
Lois lacked the mental capacity to enter into a valid contract. On December 14, Price believed
Lois was competent and was represented by Golden.

 The trial court further found that in late December 1998, Lois underwent surgery. 
Throughout 1998, all parties concerned, including Price and Golden, believed Lois had full mental
capacity. Lois told several people, including Price and Mark Schreiber, that Golden was her
lawyer. Schreiber believed Golden's representation of Lois was reasonable and necessary. On
May 27, 1999, the parties to the proceedings regarding Lois's guardianship entered into a Rule
11 agreement, and Golden signed the agreement without qualification as Lois's attorney. The
Rule 11 agreement provides that "[e]ach party will dismiss all litigation and pleadings he has filed
with prejudice, save and except Tim Price's amended application for permanent guardianship,
which will be the basis for the entry of the order appointing him guardian of the person only." 
On May 27, 1999, the trial court held a hearing to consider and approve the Rule 11 agreement. 
Price and Golden appeared at and participated in the hearing, and Price did not object to Golden's
participation. The parties entered into a settlement agreement that fully incorporated the Rule 11
agreement. Golden signed the June 21 settlement agreement as "Attorney For Lois Pollard
Price," and no party objected to his signing as such. On June 21, 1999, the trial court held a
hearing to consider the settlement agreement, and Golden again appeared and participated in the
hearing without objection from Price. Two doctors testified that Lois was mentally incapacitated
at all times starting either on and after August 25, 1998, or some time in 1996. Finally, the trial
court found that between October 8, 1998, and June 21, 1999, Golden had incurred $42,888.35
in fees and expenses; and from June 21 through July 8, Golden incurred an additional $5,136.95
in fees and expenses.

 The trial court made the following relevant conclusions of law: Price's objections
to Golden's application for attorney's fees violated the settlement agreement; Price waived any
challenge to Golden's authority to represent Lois up until June 21; Price did not waive his
challenge to Golden's authority to represent Lois after June 21; Lois was totally incapacitated and
lacked the mental capacity to accept legal services at all times on and after October 8, 1998;
because of Lois's incapacity, her contract with Golden was void; there is no contractual basis for
awarding attorney's fees incurred between June 21 and July 8, 1999; and Golden cannot recover
under quantum meruit because Lois lacked the capacity to accept legal services.

 Price does not attack the trial court's findings of fact; his issue on appeal complains
only of certain of the trial court's conclusions of law. Golden attacks only the finding of fact that
$42,888.35 should be paid as far as it impliedly finds that fees incurred after June 21 were not
reasonable and necessary. Golden also attacks the trial court's conclusions of law determining
that the contract was void and that Golden could not recover under quantum meruit. Neither party 
disputes that Lois was incompetent to enter into the contract with Golden in early October 1998,
nor does Golden contend there is any statutory basis for awarding attorney's fees in this cause.


Standard of review


 Findings of fact in a case tried to a trial court have the same force and dignity as
a jury's verdict. See Anderson v. City of Seven Points, 806 S.W.2d 791, 794 (Tex. 1991);
Westech Eng'g, Inc. v. Clearwater Constructors, Inc., 835 S.W.2d 190, 195 (Tex. App.--Austin
1992, no writ). Findings of fact are reviewed for factual and legal sufficiency under the same
standards applied in reviewing evidence supporting a jury's finding. See Anderson, 806 S.W.2d
at 794; Stable Energy, L.P. v. Newberry, 999 S.W.2d 538, 546 (Tex. App.--Austin 1999, pet.
denied). That is, when reviewing the legal sufficiency of a finding of fact, we consider only the
evidence supporting the finding and disregard all evidence to the contrary; if supported by more
than a scintilla of evidence, we will uphold the finding. See Newberry, 999 S.W.2d at 546; Circle
C Child Dev. Ctr., Inc. v. Travis Cent. Appraisal Dist., 981 S.W.2d 483, 485 (Tex. App.--Austin
1998, no pet.). In reviewing the factual sufficiency of a finding, we consider all the evidence and
set aside the finding only if it is so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust. See Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex. 1996); Newberry, 999
S.W.2d at 546. As fact-finder, the trial court is the sole arbiter of the witnesses' credibility and
the weight to be given the testimony. See Schneider v. Schneider, 5 S.W.3d 925, 931 (Tex.
App.--Austin 1999, no pet.). Even if there is conflicting evidence, the trial court's finding of fact
is generally regarded as conclusive. See id.

 Conclusions of law are reviewable de novo as a question of law and will be upheld
if the judgment can be sustained on any legal theory supported by the evidence. See Circle C, 981
S.W.2d at 485; Westech Eng'g, 835 S.W.2d at 196. A trial court's conclusions of law may not
be challenged for factual sufficiency. See Circle C, 981 S.W.2d at 485. Conclusions of law will
not be reversed unless they are erroneous as a matter of law. See Newberry, 999 S.W.2d at 547. 
Incorrect conclusions of law do not require reversal if the controlling findings of fact support a
correct legal theory. See id.


Did Price waive the right to challenge Golden's authority?

 The trial court concluded that Price's objection to Golden's fees violated the
settlement agreement. It also concluded that Price waived any challenge to Golden's authority to
act for Lois between October 1998 and June 21, 1999. Price contends he preserved his objection
to Golden's representation in the Rule 11 agreement and the final settlement agreement.

 A motion under rule 12 of the Rules of Civil Procedure is the exclusive method of
questioning an attorney's authority to represent a party, and such a motion must be heard and
determined before the parties announce ready for trial. See Tex. R. Civ. P. 12; Angelina County
v. McFarland, 374 S.W.2d 417, 423 (Tex. 1964); Valley Int'l Properties, Inc. v. Brownsville Sav.
& Loan Ass'n, 581 S.W.2d 222, 226 (Tex. Civ. App.--Corpus Christi 1979, no writ).

 No one disputes that Lois was incompetent to contract with Golden or that Golden
entered into the contract in good faith, believing she was fully competent. Price filed his
guardianship proceedings on February 12, 1999. He did not challenge Golden's authority to
represent Lois until he filed his Motion to Show Authority on April 12, 1999. Price did not
obtain a hearing and ruling on the motion. Pursuant to the settlement agreement, Price dismissed
with prejudice all portions of his application for guardianship except for the portions requesting
that he be appointed permanent guardian. The settlement agreement states, "Mrs. Price is
represented herein by her undersigned counsel [Golden]," and that statement is footnoted with the
proviso, "[t]he execution of this Agreement by Alvin J. Golden shall not constitute an admission
by [Price] that Mr. Golden has the authority to represent Mrs. Price." Price argues that this
footnote preserved his challenge to Golden's representation of Lois. We disagree.

 Price dismissed all portions of his guardianship suit except for the specified request
to be appointed Lois's permanent guardian of the person. He did not preserve from dismissal his
rule 12 motion, and that motion was dismissed without a ruling. Furthermore, Price did not
object to Golden's appearance and participation on Lois's behalf in at least two pre-trial hearings. 
During the June 21 hearing on the settlement agreement, the parties agreed to hold a hearing on
attorney's fees for Golden and Schreiber on July 8. The only reference Price made to his
objections to Golden was to say, "We'll be here to oppose it." Price did not reference rule 12
or the fact that he still maintained that Golden lacked authority to represent Lois. Price has
waived his exclusive means of challenging Golden's authority to act on Lois's behalf until Price's
guardianship began on June 21.

Ratification or disaffirmance of the contract


 Even if we assume Price did not waive the issue of Golden's authority, we still find
Golden represented Lois with proper authority until June 21.

 A contract with an incompetent person is voidable at the election of the incompetent
or one authorized to act on his or her behalf; such a contract is not automatically void. (1) See
Williams v. Sapieha, 61 S.W. 115, 116 (Tex. 1901); Knox v. Drews, 202 S.W.2d 335, 337 (Tex.
Civ. App.--Austin 1947, writ dism'd); Breaux v. Allied Bank, 699 S.W.2d 599, 603 (Tex.
App.--Houston [14th Dist.] 1985, writ ref'd n.r.e.); Gaston v. Copeland, 335 S.W.2d 406, 409
(Tex. Civ. App.--Amarillo 1960, writ ref'd n.r.e.). A voidable contract continues in effect until
active steps are taken to disaffirm it; it is not necessary that steps be taken to ratify the contract
for it to continue in effect. (2) See Sterner v. Marathon Oil Co., 767 S.W.2d 686, 689 (Tex. 1989)
(voidable contract may be valid and subsisting, interference with which may be tortious); Missouri
Pac. Ry. Co. v. Brazil, 10 S.W. 403, 406 (Tex. 1888) (voidable contract "only obligatory until
in some manner repudiated or annulled"); Chilton Ins. Co. v. Pate & Pate Enters., Inc., 930
S.W.2d 877, 888 (Tex. App.--San Antonio 1996, writ denied) (misrepresentation renders contract
voidable by innocent party; innocent party cannot excuse non-performance after treated contract
as continuing after other party committed material breach); Black's Law Dictionary 1573-74 (6th
ed. 1990). A voidable contract is ratified if a person with the right to annul the contract acts with
sufficient mental capacity and full knowledge of the situation and consents to the contract's
continuance. See Williams, 61 S.W. at 117-18; Brazil, 10 S.W. at 407; K.B. v. N.B., 811
S.W.2d 634, 638 (Tex. App.--San Antonio 1991, writ denied); Motel Enters., Inc. v. Nobani, 784
S.W.2d 545, 547 (Tex. App.--Houston [1st Dist.] 1990, no writ). Consent to be bound, however
that consent is shown, will ratify the contract. See Brazil, 10 S.W. at 406; Gaston, 335 S.W.2d
at 409. An act of disaffirmance must be distinct and unequivocal. See Breaux, 699 S.W.2d at
603.

 The trial court found (1) at the time Lois and Golden signed the contract, Patrick
Price had been appointed as her primary agent under a durable power of attorney, a durable power
of attorney for health care, and a directive to physicians; (3) (2) Patrick acted as Lois's attorney in
fact and paid Golden a $15,000 retainer; and (3) Schreiber, who was appointed as Lois's attorney
ad litem on February 12 and as her temporary guardian on February 22, believed Golden's
representation was reasonable and necessary. (4) Before February 22, Lois did not have a guardian. 
Price was not a guardian, representative, or agent of Lois until his appointment as her guardian
pursuant to the settlement agreement on June 21. (5) Price was not in a position to act to either
ratify or disaffirm the voidable contract until that date. See Enochs v. Browns, 872 S.W.2d 312,
317 (Tex. App.--Austin 1994, no writ) (child's guardian ad litem had authority to challenge
contingency contract, father did not); Nelkin v. Panzer, 833 S.W.2d 267, 270 (Tex. App.--Houston
[1st Dist.] 1992, writ dism'd w.o.j.) (once temporary guardian appointed, only guardian could
obligate incompetent and estate to pay attorney's fees).

 Neither Lois's agent nor her temporary guardian objected to Golden's
representation. Patrick paid the retainer fee, and Schreiber believed Golden's services to be
necessary and reasonable. (6) Their actions as Lois's authorized representatives could be interpreted
as indicating their approval of Golden's representation. No one authorized to act on Lois's behalf
objected to Golden's representation or clearly disaffirmed the contract until Price became her
guardian on June 21. The trial court did not err in finding that Golden was owed attorney's fees
for services rendered from October 8, 1998, until Price's appointment as guardian on June 21. 
We overrule Price's issue on appeal.


Is Golden owed fees for work performed after June 21?

 Golden complains that the trial court erred in denying fees incurred after June 21,
1999. (7) 

 As discussed above, the trial court properly awarded Golden fees for work
performed under the voidable contract until June 21. After June 21, the evidence indicates the
contract could be considered to have been dissolved or canceled by Lois's new agent, Price. After
June 21, Price was entitled to act on Lois's behalf, and Golden reasonably should have known that
Price did not wish Golden to represent Lois. Price did not ratify Golden's continued
representation once Price was in the position to control who provided legal services, and his
actions could be viewed as disaffirming the contract. Although Price's rule 12 motion was
dismissed with the rest of the guardianship proceeding, Price specifically noted in the settlement
agreement that he did not concede that Golden should be considered Lois's attorney. Further,
Price noted on June 21 that he would contest Golden's requested fees. Any representation Golden
chose to undertake after that date was at Golden's risk.

 Likewise, Golden cannot recover under quantum meruit. To recover under
quantum meruit, a claimant must show (1) valuable services were rendered (2) for the person
sought to be charged; (3) the services were accepted, used, and enjoyed by that person; and (4)
the acceptance, use, and enjoyment were under circumstances that would reasonably have notified
the person sought to be charged that the claimant was expecting to be paid. See Enochs, 872
S.W.2d at 321. For the reasons noted above, Golden could not reasonably have believed Price
would accept or was accepting services rendered once Price became Lois's guardian.

 The trial court did not err in refusing to award fees incurred after June 21, 1999. 
We overrule Golden's third issue on appeal.


Conclusion

 Having found no error in the trial court's awarding of attorney's fees and having
overruled both Price's and Golden's issues on appeal, we affirm the trial court's order.



 


 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed

Filed: August 31, 2000

Do Not Publish
1. We note the trial court erred in its conclusion of law number 1.18, which found the contract
between Lois and Golden was void due to her incompetency. The contract was voidable, not
void.
2. Even when a party is legally incompetent, if the contract is for necessary goods or services,
it will be upheld. See Legler v. Legler, 189 S.W.2d 505, 512 (Tex. Civ. App.--Austin 1945, writ
ref'd n.r.e.); Ferguson v. Fitze, 173 S.W. 500, 501 (Tex. Civ. App.--Galveston 1914, writ ref'd). 
Legal services may be considered a necessity. See Breaux, 699 S.W.2d at 604.
3. Price attacks Patrick's appointment as Lois's primary agent, arguing the medical testimony
indicated that Lois was incompetent when she signed the appointing documents. However, Price
does not attack the court's findings of fact that Patrick was Lois's agent as of August 25, 1998,
and that he paid the retainer fee as Lois's attorney in fact. Nor does he attack the conclusion of
law that Lois was incompetent on and after October 8, 1998. We will uphold the court's implied
finding that Patrick was properly authorized to act as Lois's agent until replaced by court order.
4. We note that the order appointing Schreiber as Lois's temporary guardian empowered him
to make medical and care-giving decisions, to provide her food, clothing, and shelter, to
determine visitation, and to perform "such other acts and duties as may be authorized by
subsequent Order of this Court." Retention of legal counsel is not specifically authorized in the
order. See Tex. Prob. Code Ann. § 875(b) (West Supp. 2000) (person for whom temporary
guardian is appointed retains all powers and rights not specifically granted to guardian in court
order). However, based on the trial court's findings of fact, either Schreiber as her temporary
guardian or Patrick as her primary agent under the durable powers of attorney should be
considered authorized to make such decisions. Price lacked such authority until he was appointed
her guardian.
5. We note that the trial court found that on December 14, 1998, Price believed Golden was
representing Lois, and that Price asked Golden to help persuade Lois not to postpone medical
treatments. Price's consulting with Golden could be viewed as an indication that he approved of
Golden's representation of Lois.
6. Patrick, while not a party to this appeal, has filed a brief which we will treat as an amicus
curiae brief. In it, he states that Golden's services "put [Lois's] mind at ease, and benefited [sic]
her estate." Patrick states he, as a real party in interest, "believes it is in the best interest of the
Estate of Lois Pollard Price to end these unnecessary appellate proceedings and to pay Al Golden
and the law firm of Ikard & Golden, P.C. the attorney's fees and expenses they are owed. This
would be [Lois's] desire and would be the honorable thing to do out of respect for her continually
stated desire that all litigation end."
7. Golden also argues the trial court erred in holding the contract was void and in holding the
fees were not recoverable under the theory of quantum meruit. Golden is correct that the contract
was voidable, not void, and that Lois's representatives accepted his services on her behalf. As
Golden notes, our resolution of Price's issue on appeal makes it unnecessary to resolve whether
fees incurred through June 21 were due under quantum meruit.



s guardian.

 The trial court did not err in refusing to award fees incurred after June 21, 1999. 
We overrule Golden's third issue on appeal.


Conclusion

 Having found no error in the trial court's awarding of attorney's fees and having
overruled both Price's and Golden's issues on appeal, we affirm the trial court's order.



 


 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed

Filed: August 31, 2000

Do Not Publish
1. We note the trial court erred in its conclusion of law number 1.18, which found the contract
between Lois and Golden was void due to her incompetency. The contract was voidable, not
void.
2. Even when a party is legally incompetent, if the contract is for necessary goods or services,
it will be upheld. See Legler v. Legler, 189 S.W.2d 505, 512 (Tex. Civ. App.--Austin 1945, writ
ref'd n.r.e.); Ferguson v. Fitze, 173 S.W. 500, 501 (Tex. Civ. App.--Galveston 1914, writ ref'd). 
Legal services may be considered a necessity. See Breaux, 699 S.W.2d at 604.
3. Price attacks Patrick's appointment as Lois's primary agent, arguing the medical testimony
indicated that Lois was incompetent when she signed the appointing documents. However, Price
does not attack the court's findings of fact that Patrick was Lois's agent as of August 25, 1998,
and that he paid the retainer fee as Lois's attorney in fact. Nor does he attack the conclusion of
law that Lois was incompetent on and after October 8, 1998. We will uphold the court's implied
finding that Patrick was properly authorized to act as Lois's agent until replaced by court order.
4. We note that the order appointing Schreiber as Lois's temporary guardian empowered him
to make medical and care-giving decisions, to provide her food, clothing, and shelter, to
determine visitation, and to perform "such other acts and duties as may be authorized by
subsequent Order of this Court." Retention of legal counsel is not specifically authorized in the
order. See Tex. Prob. Code Ann. § 875(b) (West Supp. 2000) (person for whom temporary
guardian is appointed retains all powers and rights not specifically granted to guardian in court
order). However, based on the trial court's findings of fact, either Schreiber as her temporary
guardian or Patrick as her primary agent under the durable powers of attorney should be
considered authorized to make such decisions. Price lacked such authority until he was appointed
her guardian.
5. We note that the trial court found t